# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>       Petitioner,<br><br>   v.<br><br>JEFF MACOMBER,<br><br>       Respondent. | Case No.  1:15-cv-00562-GSA-HC<br><br>ORDER CONSTRUING PETITION FOR WRIT OF MANDAMUS AS A PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR EXHAUSTION |

Petitioner is a former state prisoner who has been civilly committed to Coalinga State Hospital. On April 9, 2015, Petitioner filed the instant action by filing a document entitled "Petition for Writ of Mandamus and Prohibition." Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I.

## DISCUSSION

**A.  Construing Petitioner's Filing as a Petition for Writ of Habeas Corpus**

It appears that Petitioner is challenging the fact of his commitment to Coalinga State Hospital, and therefore, his federal remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439

(1973). A habeas corpus petition is the sole federal vehicle for challenging the fact or duration of confinement. Id. at 498-99. Civilly committed persons may pursue habeas relief under 28 U.S.C. Section 2254 to challenge their involuntary civil commitment. Duncan v. Walker, 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (stating that a state court order of civil commitment satisfies Section 2254's "in custody" requirement); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005), cert. denied, 547 U.S. 1166, 126 S.Ct. 2325, 164 L.Ed.2d 844 (2006) ("[D]etainees under an involuntary civil commitment scheme ... may use a § 2254 habeas petition to challenge a term of confinement."); Hubbart v. Knapp, 379 F.3d 773 (9th Cir. 2004), cert. denied, 543 U.S. 1071, 125 S.Ct. 913, 160 L.Ed.2d 807 (2005) (adjudicating habeas challenge to civil commitment under California's Sexually Violent Predator Act). Thus, plaintiff's sole remedy for invalidating his civil commitment in federal court and obtaining release from Coalinga State Hospital is a habeas petition. Therefore, Petitioner's filing will be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**B. Exhaustion of State Remedies**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." See Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A petitioner who is in state custody and wishes to collaterally challenge his civil commitment by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest

1  state court was given a full and fair opportunity to hear a claim if the petitioner has presented the
2  highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis);
3  Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

4      Additionally, the petitioner must have specifically told the state court that he was raising
5  a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
6  669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
7  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States
8  Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

16 Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

27 Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).
28      In the instant petition, it appears that Petitioner has not sought review for his claims in the

California Supreme Court.  If Petitioner has not sought review in the California Supreme Court, the Court cannot proceed to the merits of his claims, and the petition must be dismissed without prejudice.  See 28 U.S.C. § 2254(b)(1).

Thus, Petitioner must inform the Court whether his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.  Petitioner should also provide the Court with any orders issued by the California Supreme Court.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days of the date of service of this Order why the petition should not be dismissed for failure to exhaust state remedies.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits.).

IT IS SO ORDERED.

Dated:   **June 5, 2015**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE