# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PAM AHLIN,<br><br>　　　　　Respondent. | Case No.  1:15-cv-00562-GSA -HC<br><br>ORDER DISMISSING PETITION FOR FAILURE TO EXHAUST STATE REMEDIES |

Petitioner is a former state prisoner who has been civilly committed to Coalinga State Hospital.  Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 5). On April 9, 2015, Petitioner filed the instant action by filing a document entitled "Petition for Writ of Mandamus and Prohibition."  On June 5, 2015, the Court issued an order construing the petition for writ of mandamus as a petition for writ of habeas corpus.  (ECF No. 6).  The Court also ordered Petitioner to show cause within thirty days of the date of service of the order why the petition should not be dismissed for failure to exhaust state remedies.  (ECF No. 6).  Petitioner did not file a response to the Court's order to show cause.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

1  plainly appears from the petition . . . that the petitioner is not entitled to relief." See Rule 4 of the
2  Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

3  A petitioner who is in state custody and wishes to collaterally challenge his civil
4  commitment by a petition for writ of habeas corpus must exhaust state judicial remedies.  28
5  U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the
6  state court the initial opportunity to correct the state's alleged constitutional deprivations.
7  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982);
8  Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

9  A petitioner can satisfy the exhaustion requirement by providing the highest state court
10 with a full and fair opportunity to consider each claim before presenting it to the federal court.
11 Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);
12 Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest
13 state court was given a full and fair opportunity to hear a claim if the petitioner has presented the
14 highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis);
15 Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

16 Additionally, the petitioner must have specifically told the state court that he was raising
17 a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
18 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
19 Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States
20 Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

28 Duncan, 513 U.S. at 365-366.

Here, Petitioner did not respond to the Court's order to show cause. Upon a review of the petition, it appears that Petitioner has not sought review in the California Supreme Court, there is not an absence of available State corrective process, and circumstances do not exist that render such process ineffective to protect the rights of the applicant. Therefore, the Court cannot proceed to the merits of Petitioner's claims, and the petition must be dismissed without prejudice. See 28 U.S.C. § 2254(b)(1).

## II.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

### III.
### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies;
2. The Clerk of Court is DIRECTED to close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 30, 2015**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE